UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17cv81395

NAJIB REHMAN,

    Plaintiff,

v.                                                                    **COMPLAINT – CLASS ACTION**

FINANCIAL RECOVERY SERVICES
OF MINNESOTA, INC.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative classes, Plaintiff NAJIB REHMAN ("Plaintiff"), seeks redress for the unlawful conduct of Defendant FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations of § 559.72(9) of the FCCPA, and § 1692e(14) of the FDCPA.

**INTRODUCTION**

1.    The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v.

LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. The FCCPA "is a Florida state analogue to the federal FDCPA, and both statutes are intended to eliminate abusive practices used by debt collectors." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *1 (M.D. Fla. Jan. 10, 2017) (*citing* 15 U.S.C. § 1692a(6) & Fla. Stat. § 579.72); *quoting* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010)).

4. The FCCPA operates to overlap and expand the FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer (or debtor) the greatest protection." Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (citing Fla. Stat. §559.552.)).

5. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect a debt, and in each such letter, Defendant has (1) unlawfully used a name other than the true name of Defendant's organization in violation of § 1692e(14); and (2) sought to collect a debt which Defendant knew it was not permitted to collect. Accordingly, Plaintiff, on behalf of the putative classes, seeks statutory damages under the FDCPA and FCCPA over the punitive class timeframes.

## JURISDICTION AND VENUE

6. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

7. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

8. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

9. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

10. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

11. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

12. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

13. Defendant is a Minnesota corporation, with its principal place of business located in Edina, Minnesota.

14. Defendant is a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

15. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

17. The alleged debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

18. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a (5); Fla. Stat. §559.55(6).

19. On or about August 2000, Defendant submitted an application to the Florida Department of State to transact business in Florida under the name "Financial Recovery Services, Inc." Attached hereto as Exhibit "A" is the cover letter Defendant used to submit its "*Application by Foreign Corporation for Authorization to Transact Business in Florida*" to the Florida Department of State (the "Cover Letter").

20. On or about August 2000, in response to the application submitted by Defendant, the Florida Department of State sent Defendant a letter (the "Denial Letter") informing Defendant that the documents it submitted had not been filed and were being retained by Florida Department of State. A copy of the Denial Letter is attached hereto as Exhibit "B."

21. In the Denial Letter, the Department of State provided the following explanation as to why the documents had not been filed:

> The name designated in your document is not available. Therefore, the corporation must adopt an alternate name for use in the state of Florida. To adopt an alternate name the corporation must submit a corporate resolution by the board of directors adopting the alternate name for use in the state of Florida. Please note the corporate resolution must be signed by the chairman, vice chairman, or an officer of the corporation. The alternate name must contain a corporate suffix. Such suffixes include: Corporation, Corp., Incorporated, Inc., Company, and CO.

*See* Denial Letter.

22. On or about August 2000, in response to the Denial Letter, Defendant submitted to the Florida Department of State, *inter alia*, documentation that Defendant (Financial Recovery Services, Inc.), by and through a resolution of its board of directors, had adopted the name Financial Recover Services of Minnesota, Inc. for use in Florida. Attached hereto as Exhibit "C" is a copy of said resolution (the "Resolution Adopting New Name").

23. At all times material hereto, Defendant has unlawfully conducted business within the State of Florida under the name "Financial Recovery Services, Inc."

24. Defendant has not registered the name "Financial Recovery Services, Inc." as a "fictitious name" with the Florida Department of State.

25. Defendant is not permitted to conduct business in the State of Florida under the name "Financial Recovery Services, Inc."

26. The true name of Defendant, as an organization conducting business in Florida, is "Financial Recover Services of Minnesota, Inc."

27. "Financial Recover Services, Inc." is not Defendant's true name in Florida.

28. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

29. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

30. On or about October September 09, 2017, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "D."

31. The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

32. In the Collection Letter, Defendant solely identifies itself as "Financial Recovery Services, Inc." *See* Collection Letter.

33. Nowhere in the Collection Letter does Defendant identify itself as "Financial Recovery Services of Minnesota, Inc."

34. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

35. This action is brought on behalf of the following class, *to wit*, the "**False Name Class**" and the "**FCCPA Class**."

36. The "**False Name Class**" consists of:

> (i) all persons with Florida addresses (ii) who received a letter (iii) between December 25, 2016 and December 25, 2017 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and, in said letter, Defendant does not identify itself as "Financial Recovery Services of Minnesota, Inc."

37. The "**FCCPA Class**" consists of:

> (i) all persons with Florida addresses (ii) who received a collection letter (iii) from Defendant (iv) between December 25, 2015 and December 25, 2017 (v) that was an unlawful attempt to collect a debt (vi) in violation of 15 U.S.C. 1692e(14).

38. Plaintiff alleges on information and belief, the False Name Class, and the FCCPA Class, is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

39. Common questions of law and fact exist as to each class, and predominate over any issues involving only individual class members.

40. With respect to the **False Name Class**:

 (a) The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

 (b) The *principal legal issue* of the class is whether Defendant violated 15 U.S.C. 1692e(14) by failing to provide the true name of Defendant's organization.

41. With respect to the FCCPA Class

 (a) The *factual issues common* to the class are whether members received a collection letter from Defendant, and whether Defendant violated 15 U.S.C. 1692e(14); and

 (b) The *principal legal issue* for the class is whether Defendant, by having violated § 1692e(14) of the FDCPA, also violates § 559.72(9) of the FCCPA.

42. Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

43. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

44. Plaintiff is an adequate representative of each of the classes.

45. Plaintiff will fairly and adequately protect the interests of the classes.

46. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

47. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

>   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
>   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692e(14)

49. On behalf of the False Name Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

50. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e.

51. Just over a year ago, this very Court ruled on the same issue presented here and held that a cause of action is properly claimed when a debt collector collects debt in the state of Florida using a name other than a name that is a registered entity in the state. Urquiaga v. Fin. Bus. & Consumer Sols., Inc., 2016 WL 6877735, at *9 (S.D. Fla. Nov. 21, 2016) (finding that plaintiff stated a claim for violation of § 1692e(14), wherein the defendant had mailed a collection letter to the plaintiff, a Florida consumer, under an alias which the defendant lawfully registered with defendant's home-state, but that defendant did not register as a fictions name with the Florida Department of State).

52. Here, Defendant was explicitly informed by the Florida Department of State that it could not conduct business in Florida under the name "Financial Recovery Services, Inc." (*see* Denial Letter) and, in response, Defendant changed its name to "Financial Recovery Services of Minnesota, Inc." for use in Florida (*see* Resolution Adopting New Name); however, Defendant continued to wrongfully conduct business in Florida under the name "Financial Recovery Services, Inc. (*see* Collection Letter), and nowhere in the Collection Letter does Defendant even reference and/or mention the true name under which it is required to conduct business, *i.e.*, "Financial Recovery Services of Minnesota, Inc." *See* Collection Letter.

53.     Accordingly, by failing to use the true name of Defendant's organization in the Collection Letter, Defendant violated § 1692(14) of the FDCPA.

54.     WHEREFORE, Plaintiff, individually and on behalf of the False Name Class, request that the Court enter judgment in favor of Plaintiff and the False Name Class and against Defendant for:

(1)     Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)     Such other or further relief as the Court deems proper.

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

55.     On behalf of the FCCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

56.     As stated above, the FCCPA was enacted to build upon the protections enjoyed by consumers under the FDCPA.  Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

57.     Defendant's attempt to collect the Consumer Debt from Plaintiff was unlawful because Defendant, as set forth in Count I, knowingl failed to comply with § 1692e(14) of the FDCPA. Accordingly, by nature of the FCCPA, Defendant has dually violated Fla. Stat. §

559.72(9). Regardless of whether Defendant had the right to demand payment of the Consumer Debt, a debt collector cannot "lawfully" collect consumer debt in violation of the FDCPA. Simply put, *any* legal right to demand payment of the Consumer Debt Defendant *may have* possessed was nullified by Defendant's violation of § 1692e(14).

      58.    WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, request the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

    (1)    Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

    (2)    Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

    (3)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

    (4)    Such other or further relief as the Court deems proper.

**[Remainder of Page Intentionally Left Blanks]**

DATED: December 25, 2017

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

AND

 /s/ Thomas J. Patti                                .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33305
Phone:     954-543-1325
Fax:       954-507-9975

*COUNSEL FOR PLAINTIFF*