UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-CV-81395

NAJIB REHMAN,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES
OF MINNESOTA, INC.,

    Defendants.

_____/

## PROPOSED DISCOVERY PLAN

Pursuant to the Pretrial Scheduling Order and Order Referring Case to Mediation [D.E. 12], Plaintiff NAJIB REHMAN and Defendant FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC. (collectively, the "Parties"), by and the respective undersigned counsel, file this Proposed Discovery Plan which outlines the position of each party and states the following:

**(a)** **AN ESTIMATED VALUATION OF THE CASE FROM THE PERSPECTIVE OF PLAINTIFF AND DEFENDANT:**

    **Perspective of Plaintiff**

    With respect the **Fair Debt Collection Practices Act** (the "FDCPA") violation allegedly committed by Defendant, each class member shall recover statutory damages of up to $1,000.00 as provided for under 15 U.S.C. §1692k. Depending on the size of the class, the total amount of statutory damages under the FDCPA is upwards of $1,000,000.

    With respect the **Florida Consumer Collection Practices Act** (the "FCCPA) violations allegedly committed by Defendant, each class member shall recover statutory damages of up to $1,000.00. Depending on the size of the class, the total amount of statutory damages under the FCCPA is upwards of $2,000,000.

**Perspective of Defendant**

Defendant denies the alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA). As such, Defendant denies Plaintiff is entitled to any relief or damages. Defendant also disputes Plaintiff's claim of class damages which are limited under the FDCPA to 1% of the collector's net worth with a maximum of $500,000.00

**(b)  DEADLINE FOR THE PROVISION OF INITIAL DISCLOSURES:**

Plaintiff requests that initial disclosure be served by **02/26/2018**

**Defendant asks for a stay of discovery pending ruling on its motion to dismiss.** *See,* *Torongov. v. Robert G. Roy, 2016 WL 10706286* (S.D.Fla. Jan. 28, 2016). **.**

**(c)  THE SUBJECTS ON WHEN DISCOVERY MAY BE NEEDED, WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES:**

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The Parties do not believe discovery should be conducted in phases or limited to particular issues.

**(d)  WHETHER THE PARTIES EXPECT TO HAVE DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION, AND IF SO, EXPLAIN: (A) THE MAIN INFORMATION AND DOCUMENTS SOUGHT; (B) THE EXPECTED COSTS OF E-DISCOVERY; AND (C) WHETHER ALTERNATIVES TO E-DISCOVERY ARE POSSIBLE:**

The Parties anticipate the disclosure, discovery, and preservation of electronically stored information during the pendency of this matter.

(A)  The Parties further believe the main information and documents sought shall be those relating to the issues raised in the pleadings, as well as those which involve any defenses thereto;

(B)  The cost forecast for conducting e-discovery is currently believed by the Parties to be low and otherwise proportional to the damages sought by Plaintiff in the Complaint;

(C)  The Parties do not believe any reasonable alternatives exist to e-discovery at this time.

**(e)  WHAT INDIVIDUALS DO PLAINTIFF AND DEFENDANT INTEND ON DEPOSING:**

    **Plaintiff**:    At this time, Plaintiff anticipates having to depose: (1) Defendant's corporate representative; (2) Individuals directly involved in the collection of Plaintiff's debt within Defendant's organization; and (3) Witnesses and experts, where applicable, Defendant intends to rely upon throughout the tenancy of the present matter.

    **Defendant**:    At this time, Defendant anticipates having to depose: (1) Plaintiff; and (2) Witnesses and experts, where applicable, Plaintiff intends to rely upon throughout the pendency of the present matter.

**(f)** ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING – IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION – WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER:

The Parties agree that the inadvertent disclosure of information protected by the attorney- client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The Parties will comply with the Court's rules governing redaction of account and social security numbers.

**(g)** WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES OR BY LOCAL RULE, AND WHAT OTHER LIMITATIONS SHOULD BE IMPOSED:

At this time, the Parties do not anticipate changes to the limitations to discovery. The Parties reserve their rights to amend this response as necessary.

**Defendant asks for a stay of discovery pending ruling on its motion to dismiss.** *See,* *Torongo v. Robert G. Roy, 2016 WL 10706286* (S.D.Fla. Jan. 28, 2016).

**(h)** WHETHER EARLY MEDIATION OR A SETTLEMENT CONFERENCE WITH A MAGISTRATE JUDGE PRIOR TO THE CLOSE OF DISCOVERY WOULD BE HELPFUL:

At this time, the Parties do not believe early mediation or a settlement conference conducted before a Magistrate Judge at the close of discovery would be beneficial to the resolution of the case.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: February 12, 2018

Respectfully submitted,

| | |
|---|---|
| /s/ Ronald S. Canter, Esq.. | /s/ Jibrael S. Hindi . |
| **RONALD S. CANTER, ESQ.** | **JIBRAEL S. HINDI, ESQ.** |
| Florida Bar No.: 335045 | Florida Bar No.: 118259 |
| E-mail:   rcanter@roncanterllc.com | E-mail:   jibrael@jibraellaw.com |
| THE LAW OFFICES OF RONALD S. CANTER, LLC | THE LAW OFFICES OF JIBRAEL S. HINDI |
| 200A Monroe Street, Suite 104 | 110 SE 6th Street, Suite 1744 |
| Rockville, MD 20850 | Fort Lauderdale, Florida 33301 |
| Phone:   301-424-7490 | Phone:   954-907-1136 |
| | Fax:   855-529-9540 |
| *COUNSEL FOR DEFENDANT* | AND |

 /s/ Thomas J. Patti .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:   954-543-1325
Fax:   954-507-9975

*COUNSEL FOR PLAINTIFF*