UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:17-CV-81395-DMM

NAJIB REHMAN,

    Plaintiff,

vs.

FINANCIAL RECOVERY SERVICES OF
MINNESOTA, INC.

    Defendant.

**DEFENDANT FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

**I.     INTRODUCTION**

In this action, Plaintiff Najib Rehman ("Plaintiff") seeks to hold Defendant Financial Recovery Services of Minnesota, Inc. ("Defendant" or "FRS") liable for interstate collection activity conducted under the name in which it is licensed as a debt collector in Florida. Rather than dismiss the claims when presented with the facts, Plaintiff opted to submit a responsive memorandum that wholly fails to raise any argument of substance that would support Plaintiff's claims ("Pl. Brief"). Accordingly, Plaintiff's claims must be dismissed.

**II.    FACTS**

The facts are not in dispute. Plaintiff's Brief does not dispute the facts that: (1) FRS was licensed to collect debt in Florida by the Florida Office of Financial Regulations under the name "Financial Recovery Services, Inc.", (2) FRS was registered to transact business in Florida by the Department of State ("DOS") as "Financial Recovery Services of Minnesota, Inc." and, (3)

-1-

FRS's filing with the Florida DOS references both "Financial Recovery Services of Minnesota, Inc." and cross-references "Financial Recovery Services, Inc."

### III. LEGAL ARGUMENT

#### A. LEGAL ANALYSIS

Plaintiff maintains that his claim hinges on whether FRS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(14) by failing to use its true name in its collection letter to Plaintiff. Pl. Brief. (Doc. No. 13, p. 5.) In other words, Plaintiff seeks to have the Court hold that by collecting under its licensed name, "Financial Recovery Services, Inc.", FRS used a name that was not its "true name" and therefore violated the law. The facts are clear that because FRS's letter included its true name, it did not violate the FDCPA and therefore Plaintiff's FDCPA and FCCPA claims fail.

As acknowledged by the United States Supreme Court, "[a]lthough the FDCPA does not say 'what a `true name' is, its import is straightforward: A debt collector may not lie about his institutional affiliation.'" *Sheriff v. Gillie*, 136 S.Ct. 1594, 1602 (2016) *citing Gillie v. Law Office of Eric A. Jones, LLC,* 785 F.3d 1091, 115 (6th Cir. 2015)( holding that special counsel did not use a false name by using the Ohio Attorney General's letterhead at the AG's instructions). In the instant matter, Plaintiff does not and cannot assert that FRS lied or misled Plaintiff as to its institutional affiliation.

Moreover, the Eleventh Circuit Court of Appeal recently considered a claim under § 1692e(14), and stated the following:

> The Federal Trade Commission ("FTC") and federal courts have taken a similar approach when construing other FDCPA provisions requiring the disclosure of a debt collector's or creditor's "name" or "true name" to a consumer. Under § 1692e(14), for example, the FDCPA prohibits a debt collector from using any name "other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). **The FTC has issued commentary stating that a debt collector does not violate § 1692e(14) if**

**the collector "use[s] its full business name, the name under which it usually transacts business, or a commonly-used acronym."** Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (1988). Because the FTC is the federal agency tasked with "enforcement and administration of the FDCPA," that interpretation is "accorded considerable weight." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372 n.2 (11th Cir. 1998).

*Leonard v. Zwicker & Associates, P.C.,* __ Fed. Appx. ___, 2017 WL 4979160, at * 3 (11th Cir. November 1, 2017) (emphasis added).

Indeed, numerous courts have considered cases brought under § 1692e(14) and the "true name" issue. In *Mahan v. Retrieval-Masters Credit Bureau*, 777 F.Supp.2d 1293 (S.D. Ala. 2011), the court found no violation of § 1692e(14) wherein the collector was using a name that it had registered in New York, not Alabama. *Id.*, at 1298. In reaching its conclusion, the *Mahan* court noted that "[t]he fundamental point is that, as one district court recognized, '§ 1692e(14) at its core clearly prohibits the use of a name that is neither the collector's actual corporate name nor its trade name, licensed or otherwise.'" *Id.* at 1301 (quoting *Boyko v. v. American Int'l Group, Inc.*, 2009 WL 5194431, *6 (D.N.J. Dec. 23, 2009); *see also Starosta v. MBNA America Bank, N.A.*, 244 Fed.Appx. 939, 942 (11th Cir.2007) (affirming dismissal of § 1692e(10) and (14) claims based on debt collector's inaccurate use of "P.A." abbreviation in name "Law Office of David E. Borack, P.A.," where debt collector was registered by that name under state's fictitious name registration statute, that name had appeared on firm's letterhead and correspondence, and "[m]ost importantly, there is no indication that the letters `P.A.' misled, confused, or deceived Starosta or her attorney"); *Todd v. Capital One Financial Corp.*, 2007 WL 3306097, *3 (W.D.Ky. Nov. 6, 2007) (no violation of § 1692e(14) where debt collector's true business name was "Greene & Cooper, LLP" but letter listed business name as "Greene & Cooper Attorneys LLP," where collector actually was a law firm, such that use of word

"attorneys" was not false, deceptive or misleading); *Danow v. Borack*, 2006 WL 5516577, \*3 (S.D.Fla. Jan. 30, 2006) (finding as a matter of law that defendant did not violate § 1692e by using "the name held out to the public and the name under which it conducts business," which provided meaningful disclosure of debt collector's identity that was not false, deceptive or misleading), *rev'd on other grounds*, 197 Fed.Appx. 853 (11th Cir.2006); *Moore v. National Account Systems, Inc.*, 1991 WL 313896, \*1 (D.Conn. Nov. 13, 1991) ("this court has ruled that the name under which a debt collector is licensed to do business is the debt collector's true name for purposes of the FDCPA"); *Kizer v. American Credit & Collection*, 1990 WL 317475, \*6 (D.Conn. Dec. 17, 1990) (a debt collector "that obtains a license to do business under a certain name and thereafter proceeds to use that name in the course of its business cannot be held to have deceived the public," such that "the name under which a debt collector is licensed to do business ... is the debt collector's true name for purposes of the FDCPA"); *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo.1989) (where debt collector "Statewide Collections, Inc." was licensed by Wyoming as "Statewide Collections, Inc. d/b/a CheckRite," debt collector did not violate § 1692e(14) by sending demand letter in name of CheckRite alone because "[i]t was using a true business name, and the name used does not exemplify a means likely to deceive or mislead the consumer"). One commentator summarized these authorities by writing that "[d]ebt collectors ... may use alternative names they are legally entitled to use, and that are not misleading." Dee Pridgen & Richard M. Alderman, *Consumer Credit and the Law*, § 12:27.

It is therefore clear that § 1692e(14) is intended to prevent collectors from misleading a consumer as to their identity, not to prevent collectors from using names under which a collector is licensed or registered. In this matter, FRS was licensed under the name "Financial Recovery Services, Inc. (Doc. No. 9-3.) It is also clear that FRS was registered to do business as

"Financial Recovery Services of Minnesota, Inc." in Florida and that its registration cross referenced its name of "Financial Recovery Services, Inc.". (Doc. No. 9-2.) Finally, FRS is registered as "Financial Recovery Services, Inc." in its home state of Minnesota. (*See* Exhibit 3, attached). Thus, "Financial Recovery Services, Inc." is a true name of FRS, under any scenario. Moreover, FRS' use of the name under which it was licensed to collect debt in Florida did nothing to mislead Plaintiff. FRS did not lie about its "institutional affiliation", nor did FRS use a name that was not associated with it. Rather, it used the name under which it is licensed to collect debt in Florida, the name it is registered under in its home state of Minnesota, and the name that is cross-referenced in its registration in Florida.[1] Accordingly, FRS used its true name and did not mislead Plaintiff.

## IV.  CONCLUSION

For the foregoing reasons Defendant respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint.

---

[1] In footnote 2 of FRS' moving memorandum, FRS noted Plaintiff's repeated referenced to "Financial Recover Services", wherein Plaintiff failed to spell "Recovery" properly. Despite FRS calling attention to Plaintiff's failures previously, in footnote 2 of Plaintiff's Brief, he again repeatedly fails to spell "Recovery" properly, claiming that FRS admits that "Financial Recover Services of Minnesota, Inc." is FRS' true name. (Doc. No. 12, FN 2). FRS cannot and does not admit to any misstatements made by Plaintiff. Moreover, FN 2 of Plaintiff's Brief attributes quoted language to FRS that was not quoted by FRS and fails to account for the fact that an organization can have more than one "true name" under the FDCPA analysis and case law cited by FRS above.

THE LAW OFFICES OF RONALD S. CANTER, LLC

By: /s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar #335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
*Attorney for Defendant Financial Recovery Services of Minnesota, Inc.*

400 S. Dixie Hwy #322
Boca Raton, FL 33432
*Local Address*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 20th day of February, 2018 to:

Jibrael S. Hindi, Esquire
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
e-mail: jibrael@libraellaw.com

Thomas J. Patti, Esquire
Thomas-John Law, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, FL 33305
e-mail: tpatti@thomasjohnlaw.com
*Attorneys for Plaintiff*

/s/Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant Financial Recovery Services of Minnesota, Inc.*