UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-CV-81395

NAJIB REHMAN,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES
OF MINNESOTA, INC.'s,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff NAJIB REHMAN ("Mr. Rehman" or "Plaintiff"), by and through undersigned counsel, submits this Motion for Class Certification and, as set forth below, respectfully requests that the Court enter an order certifying this case as a class action on behalf of two classes.

**I.    NATURE OF CASE**

    1.    Plaintiff NAJIB REHMAN ("Mr. Rehman" or "Plaintiff") brings this case as a class action against Defendant FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC. ("FRSM" or "Defendant") for failing to identify itself by its true name in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

    2.    Mr. Rehman now moves the Court to grant this Motion for Class Certification and to certify this litigation to proceed on behalf of two classes. The FDCPA class[1] is defined as (i) all

---

[1] Identified as the "False Name Class" in the Complaint. *See* D.E. 1 at 6, ¶ 36.

persons with Florida addresses (ii) who was mailed[2] a letter (iii) between December 25, 2016 and December 25, 2017 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and, in said letter, Defendant does not identify itself as "Financial Recovery Services of Minnesota, Inc.". The FCCPA class is defined as (i) all persons with Florida addresses (ii) who received a collection letter (iii) from Defendant (iv) between December 25, 2015 and December 25, 2017 (v) that was an unlawful attempt to collect a debt (vi) in violation of Fla. Stat. § 559.72(9).

## II.     PLAINTIFF'S CLAIMS

### A.     THE "LEAST SOPHISTICATED CONSUMER" STANDARD

3.      The U.S. Court of Appeals for the Eleventh Circuit established the standard by which violations of the FDCPA are analyzed, *i.e.*, whether the communication or other conduct by the debt collector would mislead the "least sophisticated consumer". Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fuller v. Becker & Poliakoff, P.A., 192

---

[2] To the extent that either the FDCPA class definitions, or the proceeding FCCPA class definition, differ with that in the Complaint [D.E. 1], Federal courts are in accord that courts are empowered to, and should, make certification orders modifying, or amending class definitions as necessary and for the benefit of the absent class. Kohen v. Pacific Investment Management Co. LLC, 571 F.3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S.Ct. 1504 ("if the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed."); Id. at 680 ("the district court can certify subclasses with separate representation of each … if that would be consistent with manageability."); In re Monumental Life Ins. Co., 365 F.3d 408, 414 (5th Cir. 2004) cert. denied, 125 S.Ct. 277 (2004) ("holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition"); Robidoux v. Celani, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."); Harris v. Gen. Dev. Corp., 127 F.R.D. 655, 659 (N.D. Ill. 1989) ("[I]t is certainly within this court's discretion to limit or redefine the scope of the class."); Meyer v. Citizens & S. Nat'l Bank, 106 F.R.D. 356, 360 (M.D. Ga. 1985) ("The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class.").

F.Supp.2d 1361, 1369 (M.D. Fla. 2002). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 667 (M.D. Fla. 1999); *see also* Fuller, 192 F.Supp.2d 1361 at 1369. Other Circuit Courts have followed the lead of the Eleventh Circuit. "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993); *see also* Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997); U.S. v. Nat'l Fin. Serv., Inc., 98 F.3d 131, 136 (4th Cir. 1996); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991); Swanson v. S. Oregon Credit Serv., Inc., 869 F.2d 1222, 1225-26 (9th Cir. 1988).

4. In the same vein, the least sophisticated consumer standard is also applied to determine whether conduct violates a provision of the FCCPA. *See, e.g.,* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (finding that Plaintiff successfully stated a claim for under Fla. Stat. Ann. § 559.72(9) because "the least sophisticated consumer may plausibly believe that the [collection letter] 'threaten[s] to enforce a debt' or 'assert[s] the existence of some other legal right.'"); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which the lower court premised on least sophisticated consumer standard governing the FCCPA); In re Cheaves, 439 B.R. 220, 227 (Bankr. M.D. Fla. 2010) (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

5. Thus, in evaluating claims for violations of the FDCPA and FCCPA, the Court must view FRSM's conduct through the eyes of the least sophisticated consumer.

**B.     FRSM'S FORM COLLECTION LETTER VIOLATES THE FDCPA AND THE FCCPA**

6.     The FDCPA prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §1692e(14).

7.     FRSM violated the FDCPA because the form collection letter which FRSM mailed to Mr. Rehman and the class members wrongfully utilizes a name other than FRSM's true name – more specifically – FRSM solely utilizes the name which the Florida Department of State explicitly stated FRSM could not use, *i.e.*, "Financial Recovery Services, Inc." *See* D.E. 1-4 (letter explicitly informing FRSM that it could not use the name "Financial Recovery Services, Inc." in Florida); D.E. 1-6 (form collection letter received by Plaintiff, as well as the class members, wherein Defendant solely holds itself out as "Financial Recovery Services, Inc."). Thus, by failing to use the true name of Defendant's organization in the Collection Letter, Defendant violated § 1692(14) of the FDCPA.

8.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

9.     FRSM violated the FCCPA because FRSM knew it did not have the lawful authority to collect consumer debts in Florida under the fictions name "Financial Recovery Services." Regardless of whether Defendant had the right to demand payment of the respective underlying debt, FRSM could not operate under the name "Financial Recovery Services." As

such, *any* legal right to demand payment of the Consumer Debt Defendant *may have* possessed was nullified by Defendant engaging in debt collection practices under the name "Financial Recovery Services" in violation of the FDCPA, specifically, § 1692e(14)  Thus, FRSM's failure to utilize its *true* name in the form collection letters violates the FCCPA.

10. Consequently, for the reasons stated above, as well those emphasized in Plaintiff's Response in Opposition to FRSM's Motion to Dismiss [D.E. 13], Mr. Rehman has alleged a valid claim for violation of the FDCPA and FCCPA.

C. **NO ISSUES OF INTENT OR RELIANCE EXIST**

11. Whether Mr. Rehman or any other class member was misled is not an element of this cause of action. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 392 (D. Del. 1991).

> Numerous courts, including one district court within the Eleventh Circuit, have stated that the FDCPA is a strict liability statute. *See* Stewart v. Slaughter, 165 F.R.D. 696, 699 (M.D. Ga. 1996); Pittman v. J.J. MacIntyre Co. of Nevada, Inc., 969 F. Supp. 609, 613 ("The FDCPA is a strict liability statute.... Whether the defendant had actual knowledge of the satisfaction prior to making further attempts to collect goes to the defendant's culpability.") (citations omitted); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 63 (2d Cir. 1993) ("The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

Kaplan v. Assetcare, Inc., 88 F.Supp.2d. 1355, 1361-62 (S.D. Fla. 2000). The focus of the FDCPA and FCCPA is on the conduct of the debt collector, not on the conduct of the consumer. Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998). *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (the FCCPA operates to overlap and expand the FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer

(or debtor) the greatest protection." (citing Fla. Stat. §559.552)). Furthermore, the Eleventh Circuit has unequivocally held that "[a] false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, **even where no misleading or deception is claimed**." Bourff v. Rubin Lublin, LLC, 674 F. 3d 1238, 1241 (11th Cir. 2012) (emphasis added); *see also* Craig v. Park Fin. of Broward County, Inc., 390 F. Supp. 2d 1150, 1155 (M.D. Fla. 2005) ("Pursuant to Florida Statute § 559.72, '[i]n collecting consumer debts, no person shall ...' engage in the prohibited collection practices delineated in the statute. Therefore … Florida law is not restricted to consumer collection agencies and provides greater protection to consumers than the Fair Debt Collection Practices Act.");

### D. STANDARD FOR CLASS CERTIFICATION

12. In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997). In deciding a motion for class certification, the court must accept all allegations of the complaint as true. Neumont v. State of Florida, 198 F.R.D. 554, 557 (S.D. Fla. 2000). "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." King v. Kansas City Southern Industries, 519 F.2d 20, 25-26 (7th Cir. 1975). Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §1692k(a) and (b) for FDCPA class action cases. Such is also true with respect to the Florida legislature and the FCCPA *See* Fla. Stat. § 559.77(2). In deciding whether to certify a class, a district court has broad discretion. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1669 (11th Cir. 1992).

### E. EACH OF THE PROPOSED CLASSES MEET THE REQUIREMENTS FOR CLASS CERTIFICATION

#### 1. RULE 23(a)(1) - NUMEROSITY

13. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla. 2000).

14. Here, in responding to Plaintiff's discovery requests, FRSM admits that, within the last year, it (FRSM) has mailed collection letters to *at least* forty (40) different debtors wherein FRSM did not identify itself as "Financial Recovery Services of Minnesota, Inc." Even further, FRSM has indicated to Plaintiff that the total number of collection letters it (FRSM) mailed to Florida consumers during the relevant period in an attempt to collect a debt, wherein FRSM did not identify itself as "Financial Recovery Services of Minnesota, Inc," is in the thousands.

15. "When the class is large, numbers alone are dispositive...." Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Joinder is usually impracticable if the class numbers 25 or more. Armstead v. Pingree, 629 F. Supp. 273, 279 (M.D. Fla. 1986) (25 sufficient). "A class may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982). "The Court finds that joinder of roughly 200 parties would be impracticable considering their locations are in several different areas." Fuller, 197 F.R.D. 697 at 699-700. "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate..." Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (quotations omitted). The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). *See also* Agan v. Katzman & Korr, 222 F.R.D. 692, 696-97 (S.D. Fla. 2004). "[W]here the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 3 Newberg on Class Actions (4th ed. 2002), § 7.22. Courts have certified classes with far less class

members than that which is expected to be involved in the present action.[3] *See* Jordan v. County of Los Angeles, 669 F.2d 1311, 1319-20 (9th Cir. 1982) (39 class members) vacated on other grounds 459 U.S. 810 (1982); Peoples v. Sebring Capital Corp., 2002 U.S. Dist. LEXIS 4104, *14-*15 (N.D. Ill. Mar. 13, 2002) (38 class members); Afro Am. Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974) (35 class members); Riordan v. Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 class members); Lau v. Arrow Financial Services, LLC, 245 F.R.D. 620, 625 (N.D. Ill. 2007) (26 class members); Basile v. Merrill Lynch, Pierce, Fenner & Smith, 105 F.R.D. 506, 508 (S.D. Ohio 1985) (23 class members); Arkansas Educ. Ass'n v. Bd. of Educ., 446 F.2d 763, 765 (8th Cir. 1971) (20 class members); Rosario v. Cook County, 101 F.R.D. 659 (N.D. Ill. 1983) (20 class members); Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n., 375 F.2d 648, 653 (4th Cir. 1967) (18 class members).

16. As such, Mr. Rehman has satisfied the Rule 23(a)(1) requirement of numerosity.

### 2. RULE 23(a)(2) - COMMONALITY

17. Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members. Armstead, 629 F. Supp. 273 at 280; Pottingar v. City of Miami, 720 F. Supp. 955, 958 (S.D. Fla. 1989). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." Kornburg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984).

---

[3] Defendant is alleged to have "dispatched thousands of identical dunning letters to addresses in Florida attempting to collect consumer debts." D.E. 1 at 2, ¶ 5; Id. at 5, ¶ 38. *See* Neumont v. Monroe County, Fla., 198 F.R.D. 554, 557 (S.D. Fla. 2000) ("In deciding a motion for class certification the court must accept all allegations of the complaint as true and assume that cognizable claims are stated.").

18. "Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). "The commonality element is generally satisfied when a plaintiff alleges that 'defendants have engaged in a standardized course of conduct that affects all class members.'" Drossin v. National Action Financial Services, Inc., 255 F.R.D. 608, 615 (S.D. Fla. 2009) *quoting* In re Terazosin Hydrochloride, 220 F.R.D. 672, 687 (S.D. Fla. 2004); *see also* Swanson v. Mid Am, Inc., 186 F.R.D. 665, 668 (M.D. Fla. 1999) ("To establish commonality under Rule 23 in a FDCPA action, [] a plaintiff need not show that the underlying transactions are consumer transactions at the class certification stage. [citation omitted]. Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the least sophisticated consumer would have been misled." (internal quotations and citations omitted)); Agan, 222 F.R.D. at 697; In re Amerifirst Sec. Litig., 139 F.R.D. 423, 428 (S.D. Fla. 1991).

19. Each class member was mailed a form debt collection letter which identically utilize a name other than FRSM's true name in violation of the FDCPA, *to wit*, 15 U.S.C. § 1692e(14). "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 668 (M.D. Fla. 1999); *see also* Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 49 (D. Conn. 2000) ("The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. § 1692g.").

20. As explained herein, the principal legal issue is whether FRSM's form collection letters violate the FDCPA and/or FCCPA. The only individual issue is the identification of the

class members. This may be accomplished by a review of FRSM's records. FDCPA and FCCPA claims based on standard language in documents or standard practices are well suited for class certification. *See* Swanson, 185 F.R.D. at 668

21.     Accordingly, Mr. Rehman satisfied the commonality requirement of Rule 23(a)(2), as the issue of whether class members received a collection letter in which FRSM utilized a name other than its true name in violation of § 1692e(14) of the FDCPA is common to all class members and Mr. Rehman's claims are typical.

### 3.     **RULE 23(a)(3) - TYPICALITY**

22.     Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the named plaintiff be typical of the claims of the class. A claim is typical if it arises from the same practices that give rise to the claims of other class members and his or her claims are based on the same legal theory. Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985); Kornburg, 741 F.2d 1332 at 1337; see also Agan, 222 F.R.D. 692 at 698-99.

23.     In the instant case, typicality is inherent in the class definition, *i.e.*, each of the class members was sent a similar collection letter which FRSM failed to utilize its true name in compliance with § 1692e(14). *See* Fuller, 197 F.R.D. 697 at 700. Therefore, the typicality requirement of Rule 23(a)(3) has been met because each of the class members was subjected to the same violations as Mr. Rehman.

### 4.     **RULE 23(a)(4) - ADEQUACY OF REPRESENTATION**

24.     Rule 23 of the Federal Rules of Civil Procedure also requires that the named plaintiff provide fair and adequate protection of the interests of the class. "Under this criterion, the named plaintiffs must ensure that (1) no conflict of interest exists between them and the putative

class members and that (2) the action will be vigorously prosecuted." Israel v. Avis Rent-a-Car Sys., 185 F.R.D. 372, 380 (S.D. Fla. 1999).

25. Mr. Rehman understands his responsibilities as the class representative. Plaintiff is represented by counsel experienced with the handling of consumer actions, whereby the undersigned has previously acted as counsel in similar individual and class consumer actions.

26. A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are conflicting with the general interests of the class. Here, Mr. Rehman and the class members seek statutory damages as well as injunctive and declaratory relief as the result of FRSM's unlawful collection letter. Given the identical nature of the claims between Mr. Rehman and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Mr. Rehman and those of the class.

27. The Rule 23(a)(4) representativeness requirement has been satisfied. As such, Mr. Rehman should be appointed as the class representative. Also, pursuant to Rule 23(g), the Court is requested to appoint Thomas J. Patti and Jibrael S. Hindi as class counsel.

### 5. RULE 23(b)(3) - COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

28. Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. "The predominance issue under Rule 23(b)(3) is whether the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Carter v. West Publ. Co., 1999 WL 376502, *7 (M.D. Fla. 1999). The U.S. Supreme Court stated that "predominance is a test readily met in certain cases alleging consumer... fraud..." Windsor, 117 S.Ct. at 2246. "The court's inquiry is typically focused on 'whether there are common liability issues which may be resolved efficiently on a class-wide basis.'" Drossin, 255

F.R.D. at 616. *quoting* Brown v. SCI Funeral Servs. Of Fla., 212 F.R.D. 602, 606 (S.D. Fla. 2003). "Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004).

29.     Even though it is not necessary that all questions of law or fact be common, in this case it is true that all questions of law or fact are common. The "common nucleus of operative fact" is that all class members, by definition, were sent collection letters from FRSM in which it utilized a name other than its true name and thereby were subjected to the same violations of the FDCPA and FCCPA as Mr. Rehman, *to wit*, § 1692e(14) and § 559.72(9), respectively. Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis. *See* Swanson, 185 F.R.D. at 668.

30.     Because of the standardized nature of FRSM's conduct, common questions predominate. The only individual issue is the identification of Floridians who were sent the collection letter from FRSM, a matter which may be determined by review of Defendant's records. In this case, it is clear that both the factual issues and the issues of law are common to the class.

      **6.**    **RULE 23(b)(3) - CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY**

31.     "The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Carter v. West Publishing Co., 1999 WL 376502 at *21 (M.D. Fla. 1999). Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." Kelly v. Sabretech Inc., 1999 U.S. Dist. LEXIS 15445, *8-*9 (S.D. Fla.

1999). In fact, the Southern District of Florida has recently reiterated that a class action is a superior method of fairly and efficiently adjudication of claims arising under the FDCPA, specifically, claims arising from a form collection letter. Alderman v. GC Servs. Ltd. P'ship, 2018 U.S. Dist. LEXIS 10205, at *18 (S.D. Fla. Jan. 19, 2018).

32. The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "...inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

33. "In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff." Israel, 185 F.R.D. 372 at 387 (*citing* Advisory Committee Note to 1996 Amendment to Rule 23).

34. For an FDCPA claim, the class recovery of statutory damages is the lesser of $500,000 or 1% of FRSM's net worth. *See* 15 U.S.C. § 1692k(a)(2)(B). Similarly, for an FCCPA claim, the class recovery of statutory damages is also the lesser of $500,000 or 1% of Defendant's net worth. *See* Fla. Stat. § 559.77(2).

35. In a case similar to this one, Judge Dimitrouleas stated: "The large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior

method of adjudicating the FDCPA claim." <u>Hicks</u>, 2008 U.S.Dist. LEXIS 101129 at *26. *See also* <u>Drossin</u>, 255 F.R.D. at 618.

36. In this case, there is no better method available for the adjudication of the claims which might be brought by each individual consumer subjected to FRSM's practices. <u>Zinberg v. Washington Bancorp, Inc.</u>, 138 F.R.D. 397 (D.N.J. 1990). Class actions are a more efficient and consistent means of trying the legality of a collection letter.

> The essential common factual link between all of the prospective class members is the letters sent by Defendants. Plaintiffs' basis for the claim is the language and content of the letters. Defendants contest that a class action is not the superior method to resolve this controversy. However, the Court finds that the criterion set out in Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy.

<u>Fuller</u>, 197 F.R.D. 697 at 700-01. Class certification of this FDCPA/FCCPA action will provide an efficient and appropriate resolution of the controversy. Thus, the preponderance and superiority elements of Rule 23(b)(3) have been met.

### 7. AS EQUITABLE RELIEF IS SOUGHT, CLASS CERTIFICATION PURSUANT TO RULE 23(b)(2) IS ALSO APPROPRIATE

37. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiff requests an injunction and a declaratory judgment on behalf of the class that FRSM's collection letters violate the FDCPA and the FCCPA. Pursuant to Fla. Stat. §559.77(2) injunctive relief is sought by Mr. Rehman to enjoin FRSM from mailing collection letters which fail to utilize Defendant's true name. Rule 23(b)(2) states:

> An action may be certified as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
>> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

*See* Stewart v. Cheek & Zeehandelar, LLP, 2008 WL 4097411 (S.D. Ohio, Sept. 5, 2008); Tedrow v. Cowles, 2007 WL 2688276, *8-*9 (S.D. Ohio, Sept. 12, 2007); Mann v. Acclaim Fin. Servs., 232 F.R.D. 278, 286 (S.D. Ohio 2006); Tyrell v. Robert Kaye & Assocs., P.A., 223 F.R.D. 686 (S.D. Fla. 2004); Wilson v. Transworld Sys., 2002 WL 1379246 *2 (M.D. Fla., Mar. 29, 2002); Swanson, 185 F.R.D. at 668-69; Young v. Meyer & N/us, P.A., 183 F.R.D. 231, 234 (N.D. Ill. 1998); Blum v. Fisher & Fisher, 1997 WL 433630, *1 (N.D. Ill. July 29, 1997); Gammon v. GC Services Ltd. Partnership, 162 F.R.D. 313, 319-322 (N.D. Ill. 1995).

38. The equitable relief sought by this action would declare FRSM's collection letters which utilize a name other than FRSM's true name illegal and enjoin FRSM from doing so in the future. FRSM has acted on grounds uniform to the class and Plaintiff, *i.e.*, FRSM mailed the same substantively unlawful collection letter to Mr. Rehman and class members, in that, the collection letters received by Mr. Rehman and the class contain identical violations of the FDCPA and FCCPA. Thus, equitable relief is appropriate for each class as a whole.

39. In Swanson, 185 F.R.D. at 668-69, the court stated: "[u]nder Rule 23(b)(2), Plaintiff must demonstrate that Defendants have acted on grounds generally applicable to the class making final injunctive relief appropriate." Considering whether the claim for statutory damages predominated over equitable relief, the court concluded that "Plaintiffs damages, and those of the putative class, all flow directly from the notice sent by Defendants. As such, it appears that monetary damages do not predominate over declaratory relief." Id. at 669. The court, thus, certified a Rule 23(b)(2) class action in the FDCPA case. *See also* Tyrell, 223 F.R.D. 686 (S.D. Fla. 2004).

### 8. A HYBRID CLASS COMBINING RELIEF UNDER RULE 23(b)(2) AND (b)(3) IS ALSO APPROPRIATE

40. Hybrid class actions have been certified where the best interests of the class members are served. Simon v. World Omni Leasing, Inc., 146 F.R.D. 197, 202-203 (S.D. Ala. 1992). In this action, equitable relief as well as statutory damages are sought for the class members. *See* D.E. 1 at 11, ¶ 58. Thus, the combination of Rule 23(b)(2) for injunctive and declaratory relief and Rule 23(b)(3) for monetary damages has been found to be appropriate in FDCPA cases. Kelly v. Montgomery Lynch &Assocs., 2007 WL 4562913 (N.D. Ohio, Dec. 19, 2007); Hamilton v. Am. Corrective Counseling Serv., 2007 WL 541817 (N.D. Ind., Feb. 14, 2007); Gonzales v. Arrow Fin. Servs. LLC, 233 F.R.D. 577 (S.D. Cal. 2006); Schwarm v. Craighead, 233 F.R.D. 655 (E.D. Cal. 2006); Ballard v. Equifax Check Services, Inc., 186 F.R.D. 589, 600 (E.D. Cal. 1999); Irwin v. Mascott, 186 F.R.D. 567, 580-01 (N.D. Cal. 1999).

### III.   CONCLUSION

41. The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3) and (b)(2). Mr. Rehman respectfully requests that the Court certify this action as a class action, appoint him as class representative for each class, and appoint Thomas J. Patti and Jibrael S. Hindi as class counsel.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: March 21, 2018

Respectfully Submitted,

  /s/ Jibrael S. Hindi                                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

        AND

  /s/ Thomas J. Patti                                          .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33309
Phone:    954-543-1325
Fax:       954-507-9975

*COUNSEL FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 21, 2018, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

   /s/ Jibrael S. Hindi                 .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259